IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF
COLUMBIA, WASHINGTON, D.C.

Joseph Slovinec,                                05-1690 UNA
   Plaintiff,                              ~~Judge Kessler~~
     Vs.
Mary Muncie, (both) as individual and as
Agent of U.S. Department of Education,
   Co-Defendants

MOTION FOR REHEARING ON OR BEFORE SEPTEMBER 14, 2005 ON BASIS OF ERROR AND PROCEDURAL UNFAIRNESSES

    Plaintiff Joseph Slovinec motions the U.S. District Court to hold a rehearing on or before September 14, 2005 of Judge Gladys Kessler's ruling of August 19, 2005, on the basis of error, a desire to ask to resolve this during Roosevelt's first week in school since otherwise a case in U.S. Court of Appeals will ask for January 2006 loan; and a call for correction of these procedural unfairnesses in court records:

1. The August 19, 2005, ruling which seems a partisan Republican insult on President Clinton's birthday was never mailed to Plaintiff J. Slovinec and did not seem to get mailed to U.S. Department of Education.     Plaintiff was Democrat voter for Kerry-Edwards.

2. The U.S. District Court clerk in Washington, D.C. erroneously or fraudulently listed a 2002 past address of Plaintiff at 3023 N. Clark, Chicago, Il. When Plaintiff correctly listed 5325 Westbard, Bethesda, Maryland 20816 on complaint and 425 2nd St., N.W., Washington, D.C. on revision: this is evidence of unfair bias against Plaintiff's earlier, unrelated cases..

3. Judge Kessler or clerk deceptively omitted the listed title "U.S. Department of Education" from the suit and listed only Mary Muncie, so it was also in error or deceptive for Judge Kessler to claim Plaintiff conflicted with Fed.R.Civ.P. 8a when U.S. federal courts have jurisdiction over unjust loan cutoffs by U.S. Department of Education, in an injuction to prevent loss of federal funding *Canterbury Career School v. Riley*, 833 F.Supp. 1097.

4.  Plaintiff sought an order from Gladys Kessler which was an injunction of more general purpose in Fed.R.Civ.P. 65d, and the public would be misled since in a differing case with one issue, Judge Kessler tries to apply same label of temporary restraining order Judge Urbina used in 05-1293 on American University when he did not review this particular issue.

5.  It is still wrong and against the fundamental interest of justice for Judge Kessler to claim Plaintiff did not have enough proof of irreparable harm: he cites joblessness, food stamps: there is some uncertainty if the issues of 76 job applications which Plaintiff filled out with no offers since January 2005 with use of Maximus should be covered in American U. (Plaintiff wrote free tuition order was under U.S. Court of Appeals Case 05-7090) U.S. Court of Appeals case or this: if Judge Kessler wants to ask on list of jobs before Sept. 14, this would be fairer: otherwise, she joins a conservative, mostly Republican elite in pretending Plaintiff had another alternative than to take Roosevelt U. offer, where he cannot show up to class Sept. 7, 2005 due to economic duress.   Plaintiff suspects Muncie's discrimination against him because he was a Democrat who opposed

RECEIVED
SEP - 7 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

2003 Iraq invasion: yet American U. classes were bipartisan and Fairly covered Bush Israeli-Palestinian peace issues and CAFTA in 2005.

6. Judge Kessler is asked to review a central question she ignored although Plaintiff tried to keep her work short and simple: wording of Mary Muncie's letter conflicts with Sallie Mae's deferment from 1/10/2005 to 8/30/2008 which granted forbearance of payments before 1/10/05 which meant default could not occur, Muncie misleads when she implies 1/10/05 deferment was not processed. Muncie violated stated policies of U.S. Dept. of Education with no cause to end deferment with enrollment Jan. 2005 and grade average of A to B+..

HAND-DELIVERED TO: Legal Counsel, U.S. Department of Education, 400 Maryland Ave., S.W., Washington, D.C. 20001  COURT SHOULD SEND SUMMONS PAUPERIS

Joseph Slovinec, 425 2nd St., N.W., Washington, D.C. 20001  September 7, 2005

The U.S. Dept. of Education, Secretary Margaret Spellings and Legal Counsel Mr. Talbert, should review Congressman Chris Van Hollen's (D-MD) letter to Asst. Secretary of Education (or Congress) Karen Johnson about June 30, 2005 which noted discrepancy between VII deferment and VI2 claimed default: it could lead to dispute resolution.

Joseph Slovinec

2 of 2